IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TIMOTHY BROWN,** : | CIVIL ACTION NO. 1:24-CV-816 |
| : | |
| Petitioner : | (Judge Conner) |
| : | |
| v. : | |
| : | |
| **PENNSYLVANIA PAROLE** : | |
| **BOARD**, *et al.*, : | |
| : | |
| Respondents : | |

### MEMORANDUM

This is a habeas corpus case filed pursuant to 28 U.S.C. § 2254. Petitioner, Timothy Brown, challenges a decision by the Pennsylvania Board of Probation and Parole[1] to revoke his "street time." We will dismiss the case with prejudice as untimely.

**I.     Factual Background & Procedural History**

Brown filed this case on May 8, 2024, and the court received and docketed his petition on May 16, 2024. (Doc. 1). Brown alleges that his "street time was taken by the parole board" in 2017. (Id. at 5, 13). He asserts that "street time can only be taken" when a petitioner "is a sex offender, has a violent crime or has a federal conviction." (Id. at 5). He further asserts that "the reason for or why the street time was taken has to be explained and in my case it wasn't." (Id.) He requests a writ of

---

[1] The court liberally construes the petition's reference to the "Pennsylvania Parole Board" as a reference to the Pennsylvania Board of Probation and Parole.

habeas corpus compelling the board to restore the time that was allegedly revoked from him. (Id. at 14).

On June 7, 2024, we issued an order pursuant to United States v. Bendolph, 409 F.3d 155, 158 (3d Cir. 2005), requiring Brown to show cause, on or before July 7, 2024, as to why the petition should not be dismissed as untimely. (Doc. 4). Brown did not respond to the order by that date, but on July 12, 2024, he filed a letter indicating that the order had been returned to the court by prison officials and that he had not seen the order. (Doc. 5). The Clerk of Court remailed the order to Brown on July 12, 2024. On August 15, 2024, the order was returned to the court as undeliverable, with a notation from prison officials indicating that the envelope was missing a necessary court control number. (Doc. 6). The Clerk of Court resent the order with a control number on that date. More than six weeks have now passed since the order was resent to Brown on August 15, 2024, and he has neither filed a response to the timeliness issue as directed by the court nor requested an extension of time to do so. The court deems the timeliness issue ripe for review.

## II. Legal Standard

Under Rule 4 of the rules governing habeas corpus petitions under 28 U.S.C. § 2254, a district court must promptly review a petition and dismiss it if it is plain from the face of the petition that the petitioner is not entitled to relief. 28 U.S.C. § 2254 Rule 4.

## III. Discussion

Habeas corpus petitions challenging a denial of state parole are properly construed as filed pursuant to 28 U.S.C. § 2254. See Coady v. Vaughn, 251 F.3d 480,

485-86 (3d Cir. 2001). Section 2254 petitions are subject to a one-year statute of limitations, which begins to run from the latest of:

> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The limitations period is tolled during the pendency of a "properly filed" application for post-conviction relief in state court. Id. § 2244(d)(2). The limitations period may also be equitably tolled if the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. Diguglielmo, 544 U.S. 408, 418 (2005).

The one-year limitations period under 28 U.S.C. § 2244(d)(1) is generally treated as applying to petitions challenging a denial of state parole. See McAleese v. Brennan, 483 F.3d 206, 212-13 & n.9 (3d Cir. 2007) (noting that our court of appeals has not "determined whether a habeas corpus petition challenging the denial of parole by a parole board is subject to section 2244(d)(1)'s timeliness requirements," but noting that the majority of courts of appeals that have considered the question have concluded that Section 2244(d)(1) applies and stating

that "[t]his conclusion seems reasonable"); see also DeFoy v. McCullough, 301 F. App'x 177, 180 (3d Cir. 2008) (nonprecedential)[2] (applying Section 2244(d)(1) limitations period pursuant to McAleese); Picarella v. Wetzel, No. 1:19-CV-382, 2021 WL 199356, at *2 (M.D. Pa. Jan. 20, 2021) (Conner, J.) (same).  In such cases, the limitations period is generally triggered on the date the petitioner's parole was denied because the denial of parole is the factual predicate of the petitioner's claim pursuant to 28 U.S.C. § 2244(d)(1)(D).  See McAleese, 483 F.3d at 214; DeFoy, 301 F. App'x at 180.

Brown's petition challenges a denial of parole that occurred on an unspecified date in 2017.  Even if the denial occurred on the latest possible date in 2017 of December 31, 2017, his petition would need to be filed no later than December 31, 2018, to comply with the one-year statute of limitations.  Because his petition was not filed until May 8, 2024, it is facially untimely by over five years.

The only argument Brown has advanced to toll the limitations period is that he was "not aware at the time" that the parole board's denial of his parole application was "illegal."  (Doc. 1 at 13).  This argument is meritless.  Ignorance of the law is not a sufficient basis to equitably toll AEDPA's one-year statute of limitations.  Martin v. Administrator N.J. State Prison, 23 F.4th 261, 273 (3d Cir. 2022).  Hence, because Brown's petition is facially untimely and he has not

---

[2] The court acknowledges that nonprecedential decisions are not binding upon federal district courts.  Citations to nonprecedential decisions reflect that the court has carefully considered and is persuaded by the panel's *ratio decidendi*.

4

presented a sufficient basis to toll the limitations period, we will dismiss the petition as untimely.

## IV.     Conclusion

We will dismiss Brown's petition with prejudice as untimely.  A certificate of appealability will not issue because jurists of reason would not debate the correctness of this procedural ruling.  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  An appropriate order shall issue.

>     /S/ CHRISTOPHER C. CONNER
>     Christopher C. Conner
>     United States District Judge
>     Middle District of Pennsylvania

Dated:     September 27, 2024